UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC T. MILES-BAKER,

                Plaintiff,

-against-

CHARLES SCHWAB & CO., INC.,

                Defendant.

22-CV-9251 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction, alleging that he received poor customer service at a Charles Schwab branch.[1] By order dated December 1, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action, but grants Plaintiff leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

---

[1] Plaintiff originally filed this action in the United States District Court for the Eastern District of New York. By order dated October 20, 2022, that court transferred this action to this court. *Miles-Baker v. Charles Schwab &Co., Inc.*, No. 22-CV-4684 (E.D.N.Y. Oct. 20, 2022).

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, a New York resident, filed this complaint against Charles Schwab & Co., Inc. ("Schwab"), for which he does not provide an address. He does attach a document to the complaint which includes an email from a Schwab branch located in New York, New York. (ECF 1, at 9.) Plaintiff brings this action seeking money damages.

The following facts are drawn from the complaint.[2] On an unspecified date, Plaintiff went to a Schwab branch and spoke to Joseph Gilt, a financial specialist. Gilt's "demeanor was ill-interested and quite ready to leave the office," and he would not even look or touch Plaintiff's "verifying credentials." (*Id*. at 5.) Gilt "deliberately ignored" Plaintiff and rejected his request to speak to a manager. (*Id*.) Plaintiff eventually spoke to Monica Stevens, a client relationship manager, who, when asked to review Plaintiff's closed account, "spoke in circles and mentioned 'we handle wealth management.'" (*Id*.) After Plaintiff requested that Stevens "overview and reconcile [prior] transactions," she "ignored and talked over" him. (*Id*.) Plaintiff left the branch without an appointment or an overview of his closed account. Plaintiff, who had been a Schwab client for about three years, asserts that he "received zero assistance with [his] request(s) and believe what transpired to be bad business practice." (*Id*.)

---

[2] After filing the complaint, on September 6, 2022, Plaintiff submitted to the Eastern District of New York an affidavit with an attached Demand for Arbitration letter dated August 19, 2022, from a law firm representing Schwab. (ECF 4.) The letter stated that Plaintiff's claims were subject to arbitration. Three days later, Plaintiff submitted to the Eastern District of New York incomplete email correspondence he had with the law firm. (ECF 5.)

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

Plaintiff invokes the Court's diversity jurisdiction but does not allege sufficient facts to demonstrate that the Court has jurisdiction of his claims.[3] To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). An individual is a citizen of the State where he is domiciled, which is defined as the

---

[3] The Court does not have federal question jurisdiction of Plaintiff's claims under 28 U.S.C. § 1331. The complaint does not set forth any federal claims or otherwise assert facts suggesting that "federal law creates the cause of action or that [Plaintiff's] right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff, who is a New York citizen, brings claims against Schwab, which appears to be a California corporation with its principal place of business in California. *See Evan K. Halperin Revocable Living Trust v. Charles Schwab & Co., Inc.*, No. 21-CV-8098 (PKC), 2022 WL 4334655, at *1, n.1 (S.D.N.Y. Sept. 19, 2022) (Schwab is incorporated in the State of California and maintains its principal place of business in San Francisco, California.); *People of New York ex rel. Cuomo v. Charles Schwab & Co.*, No. 09-CV-7709 (LMM), 2010 WL 286629, at *1 (S.D.N.Y. Jan. 19, 2010) (Schwab asserted that it is a California corporation with its principal place of business in California.). The Court will therefore assume, for the purpose of this order, that the parties are diverse.

Although there appears to be diversity of citizenship, Plaintiff does not allege any facts showing that his claims for relief satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value of $75,000. Furthermore, it is unclear whether Plaintiff's assertions of poor customer service is sufficient to state a claim for relief under state law.

4

Because Plaintiff does not allege facts suggesting that any claims he may be able to plead plausibly would satisfy the $75,000.00 amount in controversy, the Court does not have diversity jurisdiction of this matter. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (holding that the plaintiff bears the burden of establishing subject matter jurisdiction). The Court therefore dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say at this time that amendment would be futile, the Court, in an abundance of caution, grants Plaintiff 30 days' leave to replead his claims in an amended complaint in which he alleges facts sufficient to show that the Court has diversity jurisdiction to consider this action; Plaintiff should also specify the claims he is bringing under state law.

Plaintiff is granted 30 days' leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff 30 days' leave to file an amended complaint in which he alleges facts sufficient to show that the Court has diversity jurisdiction to consider this action. If Plaintiff fails to file an amended complaint within the time allowed, and cannot show good cause as to why such failure should be excused, the Court will enter judgment dismissing this action for the reasons set forth in this order.[4]

---

[4] The Court notes that after previously warning Plaintiff that further meritless litigation in this Court may result in an order barring him from filing new actions IFP in this court without

      The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 30, 2023
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

prior leave of court, on December 5, 2022, the Court directed Plaintiff, within 30 days, to show cause by declaration, why he should not be barred from filing any future civil action in this court IFP without first obtaining leave to file. *Baker v. Pestana Park Avenue*, ECF 1:22-CV-9253, 7 (S.D.N.Y. Dec. 5, 2022). Plaintiff did not file a declaration, and on February 15, 2023, the Court barred Plaintiff from filing any future civil action in this court IFP without first obtaining leave to file. *Id.*, ECF 8. This action was filed before the bar order was issued.